B. F. MOORE, COUNTY TREASURER, APPELLEE, V. FURNAS
COUNTY LIVE STOCK COMPANY, APPELLANT.

FILED MARCH 21, 1907. No. 14,716.

1. **Taxation: ACTION: WAIVER.** A statutory requirement that an action
by a county treasurer to recover personal taxes shall only be
brought by the direction or authority of the county board is
waived by filing an answer and proceeding to trial without
objection.

2. ————: **ESTOPPEL.** One who lists and returns his personal property
in the assumed name of another is estopped to complain of any
irregularity or insufficiency of the tax proceedings arising solely
from that cause.

APPEAL from the district court for Furnas county:
ROBERT C. ORR, JUDGE. *Affirmed.*

*W. S. Morlan,* for appellant.

*J. F. Fultz, H. W. Keyes* and *E. C. Strode, contra.*

AMES, C.

The Furnas County Live Stock. Company was in the possession and custody of a herd of cattle on its ranch in Furnas county. The only dispute of fact in the case is whether it was the owner of them, concerning which there is no positive evidence other than that already mentioned. But exclusive possession of personal property is presumptive evidence of ownership even as against an adverse claimant, and certainly ought to be such in a proceeding such as is now about to be described.

The company was incorporated, and one McPherson, who was its president and principal owner of its shares of capital stock, resided in Omaha. The ranch and cattle were in the immedate custody and control of a man named Murray, who was general manager and agent of the company. In April, 1903, Murray was called upon by the precinct assessor of the precinct in which the cattle were situated to make and return a list of them for taxation, which he did, describing them, as he had been directed to do by the president, as being the property of one Ryan. Ryan was a nonresident of the state, and not the owner of or interested in the cattle or any other property therein. The list was duly returned by the assessor, and the property was entered upon the tax lists of the county as belonging to Ryan, and state and local taxes levied thereon as in other cases. The taxes remaining unpaid after delinquency, a distress warrant was issued against Ryan and returned unsatisfied for want of property whereof to levy it. The cattle had in the meantime been sold and removed from the county and state. Thereupon the county treasurer began this action against the company to recover the amount of the tax. The plaintiff by a peremptory instruction of the court recovered a verdict and judgment, from which the defendant appealed.

It is first objected that the petition does not allege, and it was not proved, that the action was brought by the

direction or express authority of the board of county commissioners, as is required by statute, and that such direction is jurisdictional, and the omission to plead and prove it fatal. It is not, however, jurisdictional in the sense that it affects the power or authority of the court, but it goes only to the right of the treasurer to begin and prosecute the action, and it may therefore undoubtedly be waived. It was not called to the attention of the court by motion, demurrer or answer; the last being a general denial challenging an investigation of the facts alleged as constituting the plaintiff's cause of action. We think it is too late now to dispute his right to engage in the litigation.

The cattle belonged to the defendant and were in its possession. It was its duty to list and return them for taxation. If it saw fit to make the return in the assumed name of another, and for the purposes of the transaction adopted that name as its own, it is estopped to complain of any irregularity or insufficiency in the tax proceedings occasioned solely by its own negligence or wrongful conduct. If the treasurer omitted to issue a distress warrant against the defendant, which it is complained is a condition precedent to the right of bringing the action, it is sufficient excuse that the officer did issue a warrant against the defendant in the name which it had deliberately adopted as another name. But whether the defendant had property in the county, which it now claims to have had, upon which the writ might have been levied, is immaterial. It was not the duty of the sheriff to determine at his peril whether the name written in the warrant was that of the real owner of the property or whether the defendant was such owner. In short, if a man enters into a written contract for the sale of his property in the assumed name of another, it is not doubted that he is equally bound as though he had used his own name. It seems to us that it would be somewhat scandalous to hold that similar consequences do not follow like conduct in his dealings with the public.

We discover no error in the record, and recommend that the judgment be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.